United States Courts
Southern District of Texas
ENTERED
NOV 3 0 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SMITH-RUTLEDGE, INC. | ) |
| Plaintiff | ) |
| v. | ) CIVIL ACTION NO. H-05-0069 |
| SCOTT RUTLEDGE | ) |
| Defendant | ) |
| FRAMEWORKS MANUFACTURING, INC. | ) |
| Respondent | ) |

## MEMORANDUM AND ORDER

Before the court is a motion for an order to show cause brought by Smith-Rutledge, Inc., the Plaintiff, against Dale Waite and Frameworks Manufacturing Company. Doc. 2. The motion is DENIED.

Smith-Rutledge, Inc. (Smith-Rutledge) filed a lawsuit in Pennsylvania and sought to depose Dale Waite (Waite) and obtain unspecified documents from the Frameworks Manufacturing Company (Frameworks). Smith-Rutledge obtained a subpoena pursuant to Fed. R. Civ. P. 45 from this court. Doc 1. Waite and Frameworks objected to the subpoena in a timely manner. Doc. 3, Exh. A and B.

After receiving the objections, Smith-Rutledge moved for an order to show cause that could impose contempt sanctions on Waite and Frameworks. Doc. 2. Counsel

for Smith-Rutledge did not affirm that opposing counsel had conferred as required by Local Rule 7.1.D.

Moreover, Smith-Rutledge did not invoke the proper procedure for obtaining documents. Waite and Frameworks objected to the subpoena within 14 days and "[i]f objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued." Fed. R. Civ. P. 45(c)(2)(B). Waite and Frameworks are not in contempt of court.

The rules specify the procedure that Smith-Rutledge must follow if it wishes to obtain documents from Waite and Frameworks: "If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Id. If Smith-Rutledge were to bring a motion to compel, this court would expect that the motion would address the objections raised by Waite and Frameworks with some specificity because "an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Id. Smith-Rutledge has not filed a motion to compel, or even conferred with opposing counsel properly. Therefore, its motion for an order to show cause (Doc. 2) is DENIED.

SIGNED at Houston, Texas, this 29th day of November, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE